UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER PHILLIPS, TONYA BUSH, SABRINA OWENS, KATRINA COLLINGE, KIMBERLY NILES, AMANDA FELGAR, DEBORAH HAVERKAMP, KIM WARD, TAMATHA CHEATHAM, and HELIMA WOODLAND, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HELP AT HOME, LLC, f/k/a HELP AT HOME, INC., JOEL DAVIS, RICHARD CANTRELL, and MARY ANN NEWBERN,<br><br>Defendants. | Case No. 15-cv-8954<br>Hon. John Z. Lee<br>Magistrate: Hon. Sheila Finnegan |

## JOINT STATUS REPORT

Plaintiffs Jennifer Phillips, *et al*. ("Plaintiffs"), and Defendants HELP AT HOME, LLC, f/k/a HELP AT HOME, INC. ("Help At Home"), *et al*., by their undersigned attorneys, respectfully submit the following Joint Status Report on the status of discovery and class/collective certification per the Court's December 5, 2019 order ("Order"). *See*, Order, Dkt. # 304.

### I. STATUS OF DISCOVERY.

Pursuant to the Court's Order, Plaintiffs' counsel sent Defendants' counsel the attached letter ("Letter") concerning the status of discovery in this matter. *See*, Letter, attached hereto as Exhibit 1. As set forth in the Letter, Plaintiffs requested additional clarification and follow up discovery related to Defendants' ESI discovery production—prior to briefing on Plaintiffs' anticipated motion for class/collective certification ("Certification Motion")—on several issues including (1) the list of current and former branch offices ("Branches") provided by Defendants, (2) job descriptions (and associated manuals) for several positions Plaintiffs believe are relevant to this issues in this case, and

(3) other issues raised by the ESI discovery produced by Defendants. *See*, Letter, pp. 1-3. After counsel for the parties met and conferred on these issues, Defendants agreed to produce the requested follow up discovery (to the extent that it exists) and/or provide clarification on these points by January 27, 2020. Defendants make no representation that the information/documents sought exist and, if so, to the relevancy thereof. For example, Plaintiffs have asked for a written job description of a Direct Support Professional ("DSP"), which is a field staff position and not germane to class certification. Regardless, Defendants are investigating and will supplement if possible. In light of this agreement, the parties do not believe that any motions to compel or for protective orders are necessary at this time; however, such motions might be necessary after Defendants make this additional production.

In the Letter, Plaintiffs also raised objections to some of the privilege designations listed on Defendants' ESI discovery privilege log. *See*, Letter, p. 3. After counsel for the parties met and conferred on this issue, Defendants agreed to review their privilege designations, and, at the very least, produce the underlying non-privileged documents that were transmitted in connection with any privileged communications by January 27, 2020. As such, the parties do not believe that a motion regarding Defendants' ESI discovery privilege log is necessary at this time; however, such a motion might be necessary if Defendants do not produce an underlying document due to a claim of privilege. Plaintiffs and Defendants have agreed that production of any non-privileged attachments to documents from Defendants' Privilege Log is for a limited purpose only and shall under no circumstance operate as a general waiver of the privileges otherwise identified.

The Letter also addresses follow up discovery and clarification relative to several other general issues in this case, such as various "pay codes" utilized by Defendants and the use of "bill only" timesheets for particular Plaintiffs. *See*, Letter, pp. 3-4. As with the issues discussed above,

Defendants have agreed to provide this additional discovery by January 27, 2020, and the parties do not believe that any motions to compel or for protective orders are necessary at this time; however, such motions might be necessary after Defendants make this additional production.

Finally, the Letter addresses the discovery that Plaintiffs believe will need to be performed relative to merits and damages issues *after* a ruling on Plaintiffs' Certification Motion, assuming that the Certification Motion is granted. *See*, Letter, pp. 4-5. With respect to classwide issues of liability (*i.e.*, merits issues), the Letter articulates several categories of documentation and discovery that Plaintiffs believe will need to be completed. *See*, Letter, p. 4. During the parties' discussion on this issue, Defendants also expressed a desire to conduct discovery relative to liability issues. To be clear, this liability discovery would be completed after/assuming Plaintiffs' Certification Motion is granted, but before a classwide determination on liability is made.

Then, assuming Plaintiffs prevail on the classwide issue of liability, the parties would seek to complete discovery relative to Plaintiffs' and class/collective members' damages. This damages discovery would include the full production of documentary evidence such as (1) Supervisors' timesheets and paystubs, (2) emails, logs, and other forms reflecting Supervisors' accrued/used "comp time," (3) emails, logs, and other forms reflecting the time Supervisors spent working while on call, (4) "bill only" timesheets and electronically stored data reflecting the time Supervisors worked in the "field," and (5) other documents and communications that would reflect the amount of time Supervisors spent working for Help at Home. *See*, Letter, p. 5. The parties also agree that the depositions pursuant to Fed. R. Civ. P. 30(b)(6) previously mentioned by Plaintiffs' counsel would

3

best be completed at this time.[1]  *See*, Letter, p. 5; Order, Dkt. # 304 (discussing the issuance of Rule 30(b)(6) deposition notices).

## II. PLAINTIFFS' CERTIFICATION MOTION.

In the Letter, Plaintiffs propose the following schedule relative to briefing on their Certification Motion: (1) Plaintiffs' Certification Motion is due on or before March 20, 2020, (2) Defendants' response is due on or before April 24, 2020, and (3) Plaintiffs' reply is due on or before May 15, 2020. *See*, Letter, p. 5. Defendants agree that this proposed schedule is appropriate.

The Letter also discusses several issues ancillary to the Certification Motion which Plaintiffs believe would assist the parties and the Court relative to briefing/ruling on the Certification Motion. First, Plaintiffs requested that Defendants enter into a stipulation as to the authenticity—for evidentiary purposes—of the documents they produced during discovery. *See*, Letter, p. 5. Plaintiffs agreed to provide Defendants with a proposed stipulation to that effect, but, in preparing the stipulation, Plaintiffs' counsel discovered that, in light of controlling precedent, such a stipulation should be unnecessary. *E.g.*, *Vulcan Golf, LLC v. Google Inc.*, 726 F.Supp.2d 911, 915 (N.D. Ill. 2010) (holding that "the very act of production is implicit authentication") (quoting *U.S. v. Brown,* 688 F.2d 1112, 1116 (7th Cir. 1982)) (alterations omitted); *Keen v. Merck Sharp & Dohme Corp.*, 2018 WL 1156203, at *2 (N.D. Ill. 2018) ("Courts will not sustain an objection to documents that the objecting party produced during discovery."); *Rodriguez, ex rel. Fogel v. City of Chicago*, 2011 WL 1103864, at *1, n. 3 (N.D. Ill. 2011). However, to the extent that the Court believes the lack of testimony authenticating some of the documents produced by Defendants during discovery would preclude their use in support of the Certification Motion, Plaintiffs would renew their request

---

[1] For this reason, Plaintiffs have not issued any Rule 30(b)(6) deposition notices, as they would be premature at this time, especially in light of Defendants' agreement to provide the information and documentation requested in the Letter.

that such a stipulation would be entered. Defendants submit that they do not yet know what documents Plaintiffs seek to submit into evidence, and would need to review a proposed stipulation from Plaintiffs that specifically identifies such a document or documents before they will agree to the authenticity of any particular document. Given that Defendants have produced approximately 100,000 documents to date, it is simply impracticable to agree to a blanket stipulation of authenticity.

Second, due to the large number of documents and amount of testimony that has been produced/elicited in this case, Plaintiffs believe that it would be most efficient to present the factual bases for the Certification Motion (and Defendants' response thereto) in the form of separate statements of material facts, as contemplated by Local Rule 56.1. *See*, Letter, p. 5. Defendants agree to the extent the Court believes separate statements of material facts would be helpful.

Finally, for similar reasons, Plaintiffs request that the Court set a larger page limit for briefing on the Certification Motion. *See*, February 6, 2019 order, Dkt. # 224 ("Going forward, no party may file *instanter* any brief that is more than 5 pages over the page limit."). Defendants disagree that additional pages in the briefs are necessary, particularly if there are separate statements of material facts. Since the number of pages necessary would depend upon whether the Court grants Plaintiffs' request to submit separate statements of material facts in connection with the Certification Motion, Plaintiffs believe it would be most efficient to discuss the page limitation issue at the next status hearing on January 23, 2020.

        Respectfully submitted,

        /s/Thomas A. Zimmerman, Jr.
        Thomas A. Zimmerman, Jr.
        *tom@attorneyzim.com*

        Matthew C. De Re
        *matt@attorneyzim.com*
        **ZIMMERMAN LAW OFFICES, P.C.**
        77 W. Washington St., Suite 1220
        Chicago, IL 60602
        (312) 440-0020 / Fax: (312) 440-4180

        *Counsel for Plaintiffs and the putative Class*


        /s/Siobhán M. Murphy
        Siobhán M. Murphy (ARDC No. 6207431)
        Dawn L. Johnson (ARDC No. 6243191)
        Daniel K. Cetina (ARDC No. 6320423)
        **LEWIS BRISBOIS BISGAARD & SMITH LLP**
        550 West Adams Street, Suite 300
        Chicago, Illinois 60661
        312.345.1718/Fax: 312.345.1778
        *Siobhan.Murphy@lewisbrisbois.com*
        *Dawn.Johnson@lewisbrisbois.com*
        *Daniel.Cetina@lewisbrisbois.com*

        *Counsel for Defendants*

# ZIMMERMAN LAW OFFICES, P.C.

77 West Washington Street
Suite 1220
Chicago, Illinois 60602
Telephone (312) 440-0020
Facsimile (312) 440-4180

www.attorneyzim.com

January 7, 2020

*<u>Via Electronic Mail</u>*
Siobhan M. Murphy
*siobhan.murphy@lewisbrisbois.com*
Dawn L. Johnson
*dawn.johnson@lewisbrisbois.com*
Daniel K. Cetina
*daniel.cetina@lewisbrisbois.com*
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W. Adams Street, Suite 300
Chicago, IL 60661

  **Re:** *Phillips, et al. v. Help at Home, LLC, et al.*, Case No. 15-cv-8954

Dear Counsel:

Pursuant to the Court's December 5, 2019 order (Dkt. # 304), Plaintiffs hereby provide the following description of the outstanding discovery they believe needs to be completed in this matter, as well as a plan for completion of discovery and briefing the issue of class/collective certification.

## *Branch Listings*

On December 30, 2019, Defendants provided Plaintiffs with a spreadsheet ("Spreadsheet") containing a list of Help at Home branch offices ("Branches") that were in operation from February 2012 through February 2018. Defendants also provided Plaintiffs with a list of current Branches ("Current Branch List"). There are a few discrepancies between the Branches listed on the Spreadsheet and those reflected on the Current Branch List.

For example, Branches located in Lexington, Somerset, Paducah, and Elizabethtown, Kentucky were on the Current Branch List, but were not listed in the Spreadsheet. The same was true of the Matteson, Illinois Branch, the Peoria, Illinois DD Branch, and the Highland, Indiana Branch. Since the opening and closing dates for each Branch are reflected on the Spreadsheet, the omission of these Branches from the Spreadsheet makes it impossible for Plaintiffs to ascertain the dates that these offices opened. Accordingly, Plaintiffs request that Defendants provide them with this information.

Conversely, some Branches appear on the Spreadsheet, but not on the Current Branch List, despite the fact that, according to the Spreadsheet, they were in operation as of February 2018. The Worth, Illinois, Albany Park, Illinois, and Southwest Missouri Branches are specific examples of this. Please confirm whether any of these Branches are still in operation, or if they closed between February 2018 and the present.

**Exhibit 1**

There are also a few Branches that Plaintiffs believe existed at some point, but which do not appear on the Spreadsheet or the Current Branch List, such as the Chicago (35th and State) and Chicago (West Chicago Avenue) Branches. Although there is a Chicago Branch listed on the Spreadsheet and the Current Branch List, the Chicago (35th and State) and Chicago (West Chicago Avenue) Branches appear to be different from the Chicago Branch listed on the Spreadsheet and the Current Branch List. As such, Plaintiffs seek clarification on whether these Branches existed, and when they were in operation.

Finally, there are two issues that Plaintiffs wish to clarify with respect to the Branches listed on the Spreadsheet and the Current Branch List. First, in reviewing some of the discovery in this case, Plaintiffs noticed references to a Springfield, Missouri Branch. It appears to Plaintiffs that the Springfield, Missouri Branch is the same as the Southwest Missouri Branch, as that Branch was (or is) located in Springfield, Missouri. However, if such is not the case, Plaintiffs request that Defendants provide them with the dates of operation for the Springfield, Missouri Branch.

Second, the Branches listed on the Spreadsheet oftentimes are denoted as being a DD or Skilled Branch. However, there is no such notation for PC Branches. Plaintiffs understand this to mean that, unless a Branch is specifically listed as being a DD or Skilled Branch, a particular Branch is a PC Branch. Please confirm whether Plaintiffs' understanding on this point is accurate.

### *Job Descriptions*

Plaintiffs also seek supplementation of the written job descriptions for each of the positions that have the same or substantially similar duties to Supervisors (as that term is defined in the Complaint) across all three lines of service (*e.g.*, PC, DD, and Skilled). From a review of the discovery Plaintiffs have received to date, Plaintiffs have identified the following job titles that they believe are relevant: Field Staff Supervisor (Bates No. ESI 2510), Quality Assessment and Performance Improvement (QAPI) Coordinator (Bates No. ESI 1193), Administrator (Bates No. ESI 1187), Supervisor (Bates No. Supp. Prod. 328), Field Staff Scheduler (Bates No. Supp. Prod. 1847, 2419, 2420, 2513, 2555), Direct Support Professional (Bates No. Supp. Prod. 1850), and Office Support (Bates No. Supp. Prod. 2513).[1] Plaintiffs request that Defendants provide the written job descriptions for all of these positions, as well as any other position that would be substantially similar to the position of Supervisor (as that term is defined in the Complaint).

Moreover, Bates Nos. ESI 2235-2333 (the Illinois "In-Home Supportive Services Policy and Procedural Manual") and Bates Nos. ESI 2599-2716 (the Missouri "Supportive Living Services Policy and Procedural Manual") also reference Supervisor/administrative staff job descriptions, and have an empty spot in Section 9 of the Manuals where those job descriptions should be attached. However, those job descriptions are not included in Defendants' ESI production. Plaintiffs seek supplementation of these job descriptions, as well the job descriptions that are referenced and would be included in all similar manuals from all other states and lines of service.

---

[1] The references to "ESI" Bates Nos. pertain to documents produced in Defendants' most recent ESI discovery. The references to "Supp. Prod." Bates Nos. pertain to documents produced by Defendants prior to the depositions of the witnesses who submitted declarations in support of Plaintiffs' Fifth Motion to Compel.

*ESI Discovery*

With respect to the ESI discovery produced by Defendants, Plaintiffs also intend to seek follow up discovery on the following. If necessary, Plaintiffs will propound additional interrogatories or document requests to obtain this information. However, for purposes of this letter, Plaintiffs will generally describe the follow up discovery that they intend to seek. For ease of reference, each paragraph below contains the Bates No(s). of the particular document being discussed.

1. Bates No. 580 – Identify the six Logansport and one Lafayette DD administrative staff who resigned from Help at Home, as referenced in this email message. Specifically, Plaintiffs seek those individuals' identities, positions, job responsibilities, and lines of service. Additionally, if there are any documents or communications pertaining to these resignations, Plaintiffs request that they be supplemented.

2. Bates Nos. 1848-49 – Provide Plaintiffs with information as to who Connie Wilkes-Cooper is, what Branch she worked at, what line of service she worked in, and what her position/job responsibilities were.

3. As discussed above, the Manuals produced as Bates Nos. 2235-2333 (the Illinois "In-Home Supportive Services Policy and Procedural Manual") and Bates Nos. 2599-2716 (the Missouri "Supportive Living Services Policy and Procedural Manual") reference Supervisor/administrative staff job descriptions in Section 9. Section 6 of those manuals also set forth specific Supervisor responsibilities and duties. Plaintiffs intend to seek supplementation of all similar manuals for all states and lines of service. In addition, Plaintiffs will seek clarification as to which line(s) of service the already-produced Manuals pertain, as well as to which line(s) of service any Manuals produced in the future pertain.

4. Bates No. 2972 – Plaintiffs request that Defendants produce a sample "Payroll Hour Report by Supervisor" form referenced in this email.

*ESI Discovery Privilege Log*

Plaintiffs take issue with and intend to challenge Defendants' privilege determinations for several of the documents Defendants withheld on the claim of privilege. As a general matter, the U.S. Supreme Court in *Upjohn Co. v. USA* noted the attorney-client privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney. 101 S.Ct. 677, 685 (1981). As such, Plaintiffs believe that the draft handbooks identified as HAH PRIV 1-38 and 70-107 are discoverable. The same is true relative to (1) the policy information identified as HAH PRIV 39 and 40, (2) the policy clarifications identified as HAH PRIV 48, (3) the department rules identified as HAH PRIV 54-55, and the attachments relative to the documents identified as HAH PRIV 56-59, 66-69, and 114-117. Accordingly, Plaintiffs expect these documents to be produced.

*Other Discovery Prior to Class/Collective Certification*

There are several other issues on which Plaintiffs intend to seek additional discovery prior to moving for class/collective certification. As noted above, Plaintiffs will propound additional interrogatories or document requests to obtain this information, if necessary.

3

First, as set forth in the parties' most recent status report (Dkt. # 303), Defendants produced the December 2016 emails to and from Mary Ann Newbern regarding the payment of a $100 "flat fee" in connection with on call work during the settlement conference with Magistrate Judge Kim. *See*, copy of the December 2016 email, attached hereto. However, those emails were never formally produced by Defendants. As such, Plaintiffs request that Defendants agree to formally "produce" those emails.

Second, many documents within the discovery produced by Defendants reflect different "pay codes" that were used in connection with the work Supervisors performed. These pay codes appeared on Supervisors' paystubs, as well as in other documents reflecting or discussing the number of hours Supervisors worked. Accordingly, Plaintiffs intend to seek discovery as to the definitions for the following pay codes: ADM, ADMF, DRA, HOL, HSDI (or HSD1),[2] IDA, MDA, MDP, MDP2, MHNR, MRD1, MRD2, MRD4, MRS1, MRS2, MRS4, OCP, OSDH (or OSD11, OSDII),[3] OTM, PHHA, PSKN, SIC, SOCP, TTI, VAH, and WDC.

Third, as required by the Court's December 5, 2019 order, Plaintiffs identify Plaintiffs Helima Woodland and Katrina Collinge as having been required to complete "bill only" timesheets relative to performing "field work." Accordingly, Plaintiffs will seek the production of these Plaintiffs' "bill only" timesheets, administrative timesheets, and paystubs.

Finally, Defendants' Supplemental Rule 26(a) disclosures (dated October 25, 2019) list "spreadsheets of overtime paid by Help at Home to 'admin' employees during the period relevant to this case." Plaintiffs have not received any such spreadsheet(s) during discovery, and request that they be produced.

### *Discovery After Class Certification*

Assuming a class is certified in this matter, Plaintiffs intend to seek further discovery in addition to the discovery discussed above. Due to the nature of the claims in this case, Plaintiffs believe that it would be most feasible to complete discovery relative to, and adjudicate the issue of, classwide liability *before* determining damages issues and conducting damages discovery. Therefore, while the additional discovery Plaintiffs intend to seek in this case pertains to both merits and damages issues, that discovery can be completed in two phases, as discussed below.

### *Post-Certification Merits Discovery*

Relative to classwide issues of liability, Plaintiffs intend to seek production of the remaining ESI discovery that was only produced in samples (such as ESI discovery relative to the terms "on call", "hours", and "policy"). Plaintiffs will also seek discovery relative to the on call cell phones given to Supervisors at several Branches which will allow them to determine which cell phone(s) was used at a particular Branch and when each cell phone was used by a particular branch. Finally, because Defendants' paystub and timesheet production was limited to PC Supervisors, Plaintiffs intend to seek the production of a sample of paystubs and timesheets relative to DD and Skilled Supervisors.

### *Post-Certification Damages Discovery*

If Plaintiffs prevail on the classwide issue of liability, Plaintiffs will seek to complete discovery with

---

[2] It is unclear to Plaintiffs whether the last character of this pay code is the letter "I" or the number "1".
[3] It is unclear to Plaintiffs whether the last character of this pay code is the letter "H" or if it is actually two characters (either the letter "I", the number "1", or some combination thereof).

respect to class members' damages. At this time, Plaintiffs believe that discovery will include complete and full production of (1) Supervisors' timesheets and paystubs, (2) emails, logs, and other forms reflecting Supervisors' accrued/used "comp time," (3) emails, logs, and other forms reflecting the time Supervisors spent working while on call, (4) "bill only" timesheets and electronically stored data reflecting the time Supervisors worked in the "field," and (5) other documents and communications that would reflect the amount of time Supervisors spent working for Help at Home.

For the reasons stated above, Plaintiffs also believe that it would be most feasible to pursue the Rule 30(b)(6) depositions discussed in the Court's December 5, 2019 order *after* a determination on the merits in this case. Those Rule 30(b)(6) depositions would pertain to the following topics: (1) which compensation policies were in effect at particular Branches during a given period of time (*e.g.*, when Branches within Newbern's Region began paying Supervisors a $100 flat fee for working on call), and (2) how those policies were effectuated (*e.g.*, the use of "bill only" timesheets). Upon request, Plaintiffs are willing to provide Defendants with a more detailed description of these topics, but, for the sake of efficiency, and in light of the fact that Plaintiffs have decided to not pursue these Rule 30(b)(6) depositions at this time, Plaintiffs do not believe that it is necessary to do so now.

### *Class/Collective Certification Briefing*

Plaintiffs believe that the pre-certification follow up discovery discussed above can be completed relatively quickly. As such, Plaintiffs propose the following schedule relative to briefing their motion for class/collective certification: (1) Plaintiffs' brief is due on or before March 20, 2020, (2) Defendants' response is due on or before April 24, 2020, and (3) Plaintiffs' reply is due on or before May 15, 2020.

In order to more efficiently brief the issue of class/collective certification, Plaintiffs also propose that the parties enter into the following stipulations. First, to the extent that documents were produced by Defendants during discovery, Plaintiffs request that Defendants stipulate as to their authenticity for evidentiary purposes. Such a stipulation is necessary because many of the documents produced by Defendants during discovery were produced *after* Plaintiffs completed the depositions of the individuals who could authenticate them. Absent a stipulation as to the authenticity of those documents, Plaintiffs would be required to redepose those individuals so that those documents could be authenticated for evidentiary purposes.

Second, given the amount of discovery that has been performed in this case, Plaintiffs believe that it would be advisable to submit factual and evidentiary support in support of and opposition to the forthcoming motion for class/collective certification in accordance with Local Rule 56.1. This would permit the parties to more clearly articulate the factual bases for their arguments, and would be more efficient for the parties and the Court.

### *Conclusion*

After you have had an opportunity to review this letter and discuss it with your clients, we can set up a time to meet and confer as required by the Court's December 5, 2019 order.

Sincerely,

*/s/Thomas A. Zimmerman, Jr.*

Thomas A. Zimmerman, Jr.

5

# Mary Ann Newbern

**From:** Mary Ann Newbern
**Sent:** Friday, December 16, 2016 9:50 AM
**To:** 'Alton Office'; Canton - Help At Home, Inc.; 'Carbondale'; 'Charleston'; 'Danielle'; 'Danville'; 'decatur'; 'fairfield'; 'Fairview Heights'; 'Litchfield HAH (litchfield@helpathome.com)'; 'marion'; 'metropolis'; 'Mt Carmel'; 'Mt Vernon'; 'pekin@helpathome.com'; 'Peoria - Help At Home, Inc. (peoria@helpathome.com)'; 'Pittsfield'; Springfield, IL - Help At Home, Inc.
**Subject:** FW: On Call Pay

See new code for phone time pay.
Thanks

*Mary Ann Newbern*
Mary Ann Newbern
Regional Vice President
Help At Home, LLC
1873 Sangamon Ave.
Springfield, IL 62702
mnewbern@helpathome.com
Phone: 217-753-0211
Fax: 217-753-0305
Toll Free: 877-699-7952
http://www.helpathome.com

"CONFIDENTIALITY NOTICE: This e-mail may contain confidential health information that is legally privileged. The authorized recipient of this information is prohibited from disclosing this information to any other party unless required to do so by law or regulation and is required to destroy the information after its stated need has been fulfilled. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken in reliance on the contents of these documents is strictly prohibited. If you have received this information in error, please notify the sender immediately and delete the e-mail and accompanying file attachment."

---

**From:** Abby Abraham
**Sent:** Thursday, December 15, 2016 12:58 PM
**To:** Mary Ann Newbern; Steve Chrapla
**Cc:** Alton - Help At Home, Inc.; Canton - Help At Home, Inc.; Carbondale HAH Office; Charleston - Help At Home, Inc.; Danielle Foley; Danville - Help At Home, Inc.; Decatur - Help At Home, Inc.; Fairfield - Help At Home, Inc.; Fairview Heights - Help At Home, Inc.; Litchfield - Help At Home, Inc.; Marion - Help At Home, Inc.; Metropolis - Help At Home, Inc.; Mt. Carmel - Help At Home, Inc.; Mt. Vernon - Help At Home, Inc.; Pekin - Help At Home, Inc.; Peoria - Help At Home, Inc.; Pittsfield - Help At Home, Inc.; Springfield, IL - Help At Home, Inc.
**Subject:** RE: On Call Pay

The OCP field should now appear in everyone's Admin Time Card. Thanks!

Abby Abraham, Analyst
Help at Home, LLC
1 N. State Street, Ste. 800
Chicago, IL 60602
Phone: (312) 704-0082

1

Fax: (312) 704-0872
Toll Free: (800) 404-3191

http://www.helpathome.com

CONFIDENTIALITY NOTICE: This e-mail may contain confidential health information that is legally privileged. The authorized recipient of this information is prohibited from disclosing this information to any other party unless required to do so by law or regulation and is required to destroy the information after its stated need has been fulfilled. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken in reliance on the contents of these documents is strictly prohibited. If you have received this information in error, please notify the sender immediately and delete the e-mail and accompanying file attachment.



**From:** Mary Ann Newbern
**Sent:** Wednesday, December 14, 2016 10:58 AM
**To:** Steve Chrapla <schrapla@helpathome.com>
**Cc:** Abby Abraham <aabraham@helpathome.com>; Alton - Help At Home, Inc. <alton@helpathome.com>; Canton - Help At Home, Inc. <canton@helpathome.com>; Carbondale HAH Office <carbondale@helpathome.com>; Charleston - Help At Home, Inc. <charleston@helpathome.com>; Danielle Foley <dfoley@helpathome.com>; Danville - Help At Home, Inc. <danville@helpathome.com>; Decatur - Help At Home, Inc. <decatur@helpathome.com>; Fairfield - Help At Home, Inc. <fairfield@helpathome.com>; Fairview Heights - Help At Home, Inc. <fairviewheights@helpathome.com>; Litchfield - Help At Home, Inc. <litchfield@helpathome.com>; Marion - Help At Home, Inc. <marion@helpathome.com>; Metropolis - Help At Home, Inc. <metropolis@helpathome.com>; Mt. Carmel - Help At Home, Inc. <mtcarmel@helpathome.com>; Mt. Vernon - Help At Home, Inc. <mtvernon@helpathome.com>; Pekin - Help At Home, Inc. <pekin@helpathome.com>; Peoria - Help At Home, Inc. <peoria@helpathome.com>; Pittsfield - Help At Home, Inc. <pittsfield@helpathome.com>; Springfield, IL - Help At Home, Inc. <springfield@helpathome.com>
**Subject:** On Call Pay

Effective 12/16/16 we will be entering (ON CALL PAY ) in Admin. Timecard System. 1 Unit should be paid at $100.00. Any question please cal. Abby will be entering a code for us .
Thanks

*Mary Ann Newbern*
Mary Ann Newbern
Regional Vice President
Help At Home, LLC
1873 Sangamon Ave.
Springfield, IL 62702
mnewbern@helpathome.com
Phone:217-753-0211
Fax: 217-753-0305
Toll Free: 877-699-7952
http://www.helpathome.com

"CONFIDENTIALITY NOTICE: This e-mail may contain confidential health information that is legally privileged. The authorized recipient of this information is prohibited from disclosing this information to any other party unless required to do so by law or regulation and is required to destroy the information after its stated need has been fulfilled. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken in reliance on the contents of these documents is strictly prohibited. If you have received this information in error, please notify the sender immediately and delete the e-mail and accompanying file attachment."